IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **IRVING CENTRAL PLACE, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-1617-L** |
| | § | |
| **FEDERAL INSURANCE COMPANY and** | § | |
| **MICHAEL FAIRLEY II,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand (Doc. 7), filed July 19, 2017. After considering the motion, response, evidence, Notice of Removal, pleadings, and applicable law, the court **denies** Plaintiff's Motion to Remand (Doc. 7).

**I.    Factual and Procedural Background**

Plaintiff Irving Central Place, LLC ("Plaintiff") originally brought this action against Defendants Federal Insurance Company ("FIC") and Michael Fairley II ("Fairley") (collectively, "Defendants"), in the 298th Judicial District Court, Dallas County, Texas, asserting violations of the Texas Insurance Code and other state law claims pertaining to Defendants' alleged mishandling of Plaintiff's claim to recover insurance proceeds for hail and storm damage sustained by its property. On June 19, 2017, FIC removed the action to federal court, alleging that diversity of citizenship exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

On July 19, 2017, Plaintiff filed its Motion to Remand, contending that diversity jurisdiction is lacking because it and Farley are both citizens of Texas. On August 9, 2017, FIC filed a response in opposition to the Motion to Remand, asserting that complete diversity of citizenship exists, and the amount in controversy is satisfied. In support of its response, FIC submitted the declarations of James L. Kelly and Fairley and other evidence. Plaintiff did not file a reply in support of its Motion to Remand.

## II.     Subject Matter Jurisdiction Based on Diversity

A federal court has subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations." *Id.* St*. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or

claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

### III. Motion to Remand

#### A. Diversity of Citizenship

As noted, Plaintiff contends that the diversity jurisdiction is lacking because Fairley is a citizen of Texas. In its Notice of Removal, FIC alleges that Plaintiff is a citizen of Texas because its only members, Janet L. Timmons and William T. Timmons, are both individuals who reside in Dallas County, Texas. FIC alleges that it is an Indiana corporation with its principal place of business in New Jersey, and Fairley is an individual who currently resides in California and was residing in California when Plaintiff filed the state court action. FIC contends that, contrary to Plaintiff's assertion and the allegations in Plaintiff's Original Petition, "Fairley is not, and was not residing or domiciled in the State of Texas at the time the Original Petition was filed." Notice of Removal ¶ 5.

In his declaration, Fairley states that he was born in California, has lived in California most of his life, and the only time he left California was to live in Texas for a brief period between 2013 and August 2016 while working as a temporary trainee for FIC. Fairley states that he returned to California and vacated his apartment in August 2016 after being reassigned to serve as an adjuster in the San Diego and Orange County regions of California. Fairley attached correspondence to his declaration that corroborates these statements. In addition, Fairley states that he has always considered California his permanent home and, for this reason, maintained his California driver's license and registration while living in Texas.

While the allegations in its Notice of Removal regarding the residences of Plaintiff's members and Fairley are insufficient alone to establish citizenship for diversity purposes, FIC has come forward with evidence that establishes that Fairley was a citizen of California at the time of the filing of the suit in state court and at the time of removal. FIC's Notice of Removal also establishes that it is a citizen of Indiana and New Jersey. Moreover, by contending that diversity is lacking because Fairley is a citizen of Texas, Plaintiff acknowledges that it is a citizen of Texas. Accordingly, the court determines that FIC, as the removing party, has met its burden of establishing that there is complete diversity of citizenship between the parties because neither FIC nor Fairley has the same citizenship as Plaintiff.

B. **Amount in Controversy**

Plaintiff does not dispute FIC's assertion that the amount in controversy is satisfied. Subject matter jurisdiction cannot be created by waiver, and the court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Ruhrgas AG*, 526 U.S. at 583; *Howery*, 243 F.3d at 919. The court, therefore considers whether the amount in controversy is satisfied.

Regarding the amount in controversy, FIC alleges in its Notice of Removal, that the amount in controversy is satisfied because "Plaintiff seeks to recover damages in excess of $75,000, as well as statutory penalties, punitive damages and attorneys' fees and costs." Notice of Removal ¶ 7. In addition, FIC notes in its response to Plaintiff's Motion to Remand that Plaintiff seeks in excess of $1,000,000 in damages in its Original Petition. See Pl.'s Orig. Pet. ¶ 4. The court, therefore, determines that FIC has met its burden of showing that the monetary relief sought by Plaintiff exceeds the requisite amount in controversy, and that the court has subject matter jurisdiction.

## IV. Conclusion

For the reasons explained, subject matter jurisdiction exists in this matter based on diversity of citizenship and the amount in controversy. Accordingly, the court **denies** Plaintiff's Motion to Remand (Doc. 7).

**It is so ordered** this 21st day of February, 2018.

Sam A. Lindsay
United States District Judge